UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 8142

---

ICOS VISION SYSTEMS CORPORATION N.V.,
and ICOS VISIONS SYSTEMS INC.,

    Plaintiffs,

-against-

SCANNER TECHNOLOGIES CORPORATION,

    Defendant.

08CV
ECF Case



## DECLARATORY JUDGMENT COMPLAINT

Plaintiffs ICOS Visions Systems Corporation N.V. and ICOS Vision Systems Inc. (collectively "ICOS"), for their Complaint against defendant Scanner Technologies Corporation, alleges as follows:

### THE PARTIES

1.    Plaintiff ICOS Vision Systems Corporation N.V. is a wholly owned subsidiary of KLA-Tencor Corporation, a Delaware corporation. ICOS Vision Systems Corporation N.V. is organized and existing under the laws of Belgium, with offices at Esparantolaan 8, 3001 Heverlee, Belgium.

2.    Plaintiff ICOS Vision Systems, Inc. is a KLA-Tencor subsidiary organized and existing under the laws of the State of Delaware with a principal place of business at Three Lagoon Drive, Suite 160, Redwood City, CA 94065.

3.    Upon information and belief, defendant Scanner Technologies Corporation ("Scanner") is a Minnesota corporation having its principal place of business at 14505 21st Avenue North, Minneapolis, MN 55447.

4. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 7,079,678 (the "'678 Patent") entitled "Electronic Component Products Made According to a Process that Includes a Method for Three Dimensional Inspection," issued July 18, 2006, a copy of which is attached hereto as Exhibit A.

5. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 7,085,411 (the "'411 Patent") entitled "Method of Manufacturing Electronic Components Including a Method for Three Dimensional Inspection," issued August 1, 2006, a copy of which is attached hereto as Exhibit B.

6. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 6,915,006 (the "'006 Patent") entitled "Method and Apparatus for Three Dimensional Inspection of Electronic Components," issued July 5, 2005, a copy of which is attached hereto as Exhibit C.

7. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 6,915,007 (the "'007 Patent") entitled "Method and Apparatus for Three Dimensional inspection of Electronic Components," issued July 5, 2005, a copy of which is attached hereto as Exhibit D.

8. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 6,862,365 (the "'365 Patent") entitled "Method and Apparatus for Three Dimensional Inspection of Electronic Components," issued March 1, 2005, a copy of which is attached hereto as Exhibit E.

9. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 6,072,898 (the "'898 Patent") entitled "Method and Apparatus for Three Dimensional Inspection of Electronic Components," issued May 16, 2000, a copy of which is attached hereto as Exhibit F.

10. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 5,574,668 (the "'668 Patent") entitled "Apparatus and Method for Measuring Ball Grid Arrays," issued November 12, 1996, a copy of which is attached hereto as Exhibit G.

11. Upon information and belief, Scanner is the owner of record of U.S. Patent No. 5,173,796 (the "'796 Patent") entitled "Three Dimensional Scanning System," issued December 22, 1992, a copy of which is attached hereto as Exhibit H.

12. The '678, '411, '006, '007, '365, '898, '668, and '796 Patents relate generally to the use of inspection equipment to inspect ball grid array devices.

13. On June 19, 2008, the United States Court of Appeals for the Federal Circuit decided the case *Scanner Techs. Corp. v. ICOS Vision Sys. Corp., N.V.*, No. 00-Civ.-4992 (Fed. Cir. June 19, 2008), affirming the District Court's judgment that asserted claims of patents related to the '678, '411, '006, '007, '365, '898, '668, and '796 Patents are invalid as obvious and not infringed by inspection equipment manufactured by ICOS Vision Systems Corp. N.V. The mandate of the Federal Circuit issued on September 19, 2008. This appeal was from a case brought by Scanner in this Court in 2000, *Scanner Techs. Corp. v. ICOS Vision Sys. Corp., N.V.*, No. 00-Civ.-4992 (S.D.N.Y.).

## JURISDICTION AND VENUE

14. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, relating to the infringement of the '678, '411, '006, '007, '365, '898, '668, and '796 Patents. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 and under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, in particular, 35 U.S.C. §§ 101 et seq. and 271 et seq.

15. There is an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 because Scanner previously filed a lawsuit alleging infringement of related patents by ICOS. *Scanner Techs. Corp. v. ICOS Vision Sys. Corp., N.V.*, No. 00-Civ.-4992 (S.D.N.Y.).

16. The litigation history between Scanner and ICOS involving alleged infringement of Scanner's patents by ICOS inspection equipment further creates an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202.

17. Scanner has asserted its patents against ICOS customers for their use of ICOS inspection equipment further creating an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202. *See Scanner Techs. Corp. v. NVIDIA Corp.*, No. 06-Civ.-0205 (E.D. Tex.) (asserting the '756 and '757 Patents); *Am. Arium v. Scanner Techs. Corp.*, No. 05-673 (C.D. Cal.) (declaratory judgment suit in response to threats of infringement of the '365 and '898 Patents).

18. Venue is proper in this district court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

19. This Court has personal jurisdiction over Scanner because Scanner has committed acts within this judicial district giving rise to this action and has established minimum contacts with the forum such that the exercise of jurisdiction over Scanner would not offend traditional notions of fair play and substantial justice.

## COUNT 1

## DECLARATORY JUDGMENT FOR NO INFRINGEMENT OF THE '678 PATENT

20. ICOS repeats and realleges the allegations of paragraphs 1–19 as if set forth herein.

21. ICOS has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '678 Patent.

22. ICOS has not and is not now inducing or contributing to the infringement of any claim of the '678 Patent by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

## COUNT 2

## DECLARATORY JUDGMENT FOR NO INFRINGEMENT OF THE '411 PATENT

23. ICOS repeats and realleges the allegations of paragraphs 1–22 as if set forth herein.

24. ICOS has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '411 Patent.

25. ICOS has not and is not now inducing or contributing to the infringement of any claim of the '411 Patent by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

## COUNT 3

## DECLARATORY JUDGMENT FOR NO INFRINGEMENT OF THE '006 PATENT

26. ICOS repeats and realleges the allegations of paragraphs 1–25 as if set forth herein.

27. ICOS has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '006 Patent.

28. ICOS has not and is not now inducing or contributing to the infringement of any claim of the '006 Patent by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

## COUNT 4

## DECLARATORY JUDGMENT FOR NO INFRINGEMENT OF THE '007 PATENT

29. ICOS repeats and realleges the allegations of paragraphs 1–28 as if set forth herein.

30. ICOS has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '007 Patent.

31. ICOS has not and is not now inducing or contributing to the infringement of any claim of the '007 Patent by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

## COUNT 5

## DECLARATORY JUDGMENT FOR NO INFRINGEMENT OF THE '365 PATENT

32. ICOS repeats and realleges the allegations of paragraphs 1–31 as if set forth herein.

33. ICOS has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '365 Patent.

34. ICOS has not and is not now inducing or contributing to the infringement of any claim of the '365 Patent by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

## COUNT 6

## DECLARATORY JUDGMENT FOR NO INFRINGEMENT OF THE '898 PATENT

35. ICOS repeats and realleges the allegations of paragraphs 1–34 as if set forth herein.

36. ICOS has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '898 Patent.

37. ICOS has not and is not now inducing or contributing to the infringement of any claim of the '898 Patent by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

## COUNT 7

## DECLARATORY JUDGMENT FOR NO INFRINGEMENT OF THE '668 PATENT

38. ICOS repeats and realleges the allegations of paragraphs 1–37 as if set forth herein.

39. ICOS has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '668 Patent.

40. ICOS has not and is not now inducing or contributing to the infringement of any claim of the '668 Patent by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

## COUNT 8

## DECLARATORY JUDGMENT FOR NO INFRINGEMENT OF THE '796 PATENT

41. ICOS repeats and realleges the allegations of paragraphs 1–40 as if set forth herein.

42. ICOS has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '796 Patent.

43. ICOS has not and is not now inducing or contributing to the infringement of any claim of the '796 Patent by others either directly or indirectly, or literally or by application of the doctrine of equivalents.

## COUNT 9

## DECLARATORY JUDGMENT FOR INVALIDITY OF THE '678 PATENT

44.     ICOS repeats and realleges the allegations of paragraphs 1–31 as if set forth herein.

45.     Each claim of the '678 Patent is invalid because the patent and the alleged invention therein fails to comply with the requirements of 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT 10

## DECLARATORY JUDGMENT FOR INVALIDITY OF THE '411 PATENT

46.     ICOS repeats and realleges the allegations of paragraphs 1–33 as if set forth herein.

47.     Each claim of the '411 Patent is invalid because the patent and the alleged invention therein fails to comply with the requirements of 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT 11

## DECLARATORY JUDGMENT FOR INVALIDITY OF THE '006 PATENT

48.     ICOS repeats and realleges the allegations of paragraphs 1–35 as if set forth herein.

49.     Each claim of the '006 Patent is invalid because the patent and the alleged invention therein fails to comply with the requirements of 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT 12

## DECLARATORY JUDGMENT FOR INVALIDITY OF THE '007 PATENT

50. ICOS repeats and realleges the allegations of paragraphs 1–37 as if set forth herein.

51. Each claim of the '007 Patent is invalid because the patent and the alleged invention therein fails to comply with the requirements of 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT 13

## DECLARATORY JUDGMENT FOR INVALIDITY OF THE '365 PATENT

52. ICOS repeats and realleges the allegations of paragraphs 1–51 as if set forth herein.

53. Each claim of the '365 Patent is invalid because the patent and the alleged invention therein fails to comply with the requirements of 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT 14

## DECLARATORY JUDGMENT FOR INVALIDITY OF THE '898 PATENT

54. ICOS repeats and realleges the allegations of paragraphs 1–53 as if set forth herein.

55. Each claim of the '898 Patent is invalid because the patent and the alleged invention therein fails to comply with the requirements of 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT 15

## DECLARATORY JUDGMENT FOR INVALIDITY OF THE '668 PATENT

56. ICOS repeats and realleges the allegations of paragraphs 1–55 as if set forth herein.

57. Each claim of the '668 Patent is invalid because the patent and the alleged invention therein fails to comply with the requirements of 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT 16

## DECLARATORY JUDGMENT FOR INVALIDITY OF THE '796 PATENT

58. ICOS repeats and realleges the allegations of paragraphs 1–57 as if set forth herein.

59. Each claim of the '796 Patent is invalid because the patent and the alleged invention therein fails to comply with the requirements of 35 U.S.C. §§ 101 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## DEMAND FOR JUDGMENT

WHEREFORE ICOS respectfully requests that this Court enter the following relief:

1. A declaratory judgment that ICOS is not liable for infringement of the '678 Patent;

2. A declaratory judgment that ICOS is not liable for infringement of the '411 Patent;

3.
4. A declaratory judgment that ICOS is not liable for infringement of the '006 Patent;

5. A declaratory judgment that ICOS is not liable for infringement of the '007 Patent;

6. A declaratory judgment that ICOS is not liable for infringement of the '365 Patent;

7. A declaratory judgment that ICOS is not liable for infringement of the '898 Patent;

8.
9. A declaratory judgment that ICOS is not liable for infringement of the '668 Patent;

10. A declaratory judgment that ICOS is not liable for infringement of the '796 Patent;

11. A declaratory judgment that the claims of the '678 Patent are invalid;

12. A declaratory judgment that the claims of the '411 Patent are invalid;

13. A declaratory judgment that the claims of the '006 Patent are invalid;

14. A declaratory judgment that the claims of the '007 Patent are invalid;

15. A declaratory judgment that the claims of the '365 Patent are invalid;

16. A declaratory judgment that the claims of the '898 Patent are invalid;

17. A declaratory judgment that the claims of the '668 Patent are invalid;

18. A declaratory judgment that the claims of the '796 Patent are invalid;

19. A declaration that this case is exceptional under 35 U.S.C. § 285;

20. A judgment in favor of ICOS for its attorney's fees, costs and expenses in this action; and

21. A judgment in favor of ICOS for such further, necessary and proper relief as this Court may deem just and proper.

## JURY DEMAND

ICOS demands a trial by jury of any issues triable of right by a jury.

Dated: New York, New York
September 19, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *[signature]*

Rodger Andrew Sadler (RS-5657)
M. Brendan Smith (MS-4020)
666 Fifth Avenue
New York, New York 10103
(212) 506-5053

Attorneys for Plaintiff
ICOS VISION SYSTEMS CORPORATION N.V.,
and ICOS VISIONS SYSTEMS INC.

OF COUNSEL:

I. Neel Chatterjee
Elizabeth A. Howard
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
(650) 614-7400