UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

ICOS VISION SYSTEMS CORP., N.V.,
ICOS VISION SYSTEMS, INC., and
NVIDIA CORP.,                              :   **MEMORANDUM DECISION**

                Plaintiffs,     :   08 Civ. 8102 (DC)
                                     08 Civ. 8142 (DC)
    - against -                      :   09 Civ. 6920 (DC)
                                     09 Civ. 7014 (DC)
SCANNER TECHNOLOGIES CORP.,        :

                Defendant.      :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**  (See last page)

**CHIN, District Judge**

      Plaintiffs filed declaratory judgment complaints against defendant requesting that this Court find that several of defendant's patents are invalid and have not been infringed by plaintiffs. Defendant moves to dismiss these complaints for lack of subject matter jurisdiction. For the reasons set forth below, I hold that this Court has jurisdiction to consider plaintiffs' claims.

## BACKGROUND

      Plaintiffs ICOS Vision Systems Corporation, N.V., and ICOS Vision Systems Inc. (together, "ICOS") are subsidiaries of KLA-Tencor Corporation that manufacture and sell equipment used to inspect Ball Grid Arrays ("BGAs"). (ICOS Am. Compl. ¶ 1 (09 Civ. 6920)). Plaintiff Nvidia Corporation ("Nvidia") is one of ICOS's customers. Defendant Scanner Technologies Corporation ("Scanner") owns a series of patents relating to BGA inspection

technology. (Id. ¶ 3). The Court's May 22, 2007, opinion contains a detailed discussion of ICOS and Scanner's background and the relevant BGA inspection technology. See Scanner Techs. Corp. v. ICOS Vision Sys. Corp., N.V., 486 F. Supp. 2d 330, 344 (S.D.N.Y. 2007), aff'd in part, rev'd in part, 528 F.3d 1365 (Fed. Cir. 2008).

## A. The 2000 Litigation

In July of 2000, Scanner filed a complaint against ICOS claiming that ICOS infringed two of its patents. (Compl. (00 Civ. 4992)). The parties waived their right to a jury and tried the case to the Court. I found that (1) the accused product did not infringe upon Scanner's patents, (2) the patents were unenforceable due to Scanner's inequitable conduct, and (3) the patents were unenforceable for obviousness. Id. at 343, 347.

In 2005 and 2007, during the course of the 2000 litigation, ICOS filed two declaratory judgment complaints regarding eight Scanner patents related to the patents at issue in the 2000 litigation. (Compl. (05 Civ. 6322); Compl. (07 Civ. 771)). In my Final Judgment disposing of the 2000 litigation, I ruled that Scanner's inequitable conduct barred it from enforcing the patents in suit and related patents in the same family. This determination regarding related patents obviated the need for ICOS's two declaratory judgment complaints and so those complaints were dismissed without prejudice. (6/1/07 Order (05 Civ. 6322 & 07 Civ. 771)).

In 2008, the Federal Circuit affirmed my invalidity and non-infringement rulings, but found that my ruling regarding unenforceability was clearly erroneous. Scanner Techs. Corp. v. ICOS Vision Sys. Corp. N.V., 528 F.3d 1365 (Fed. Cir. 2008).

## B. The 2008 Declaratory Judgment Complaints

The Federal Circuit's reversal of my determination regarding unenforceability re-exposed ICOS to suit on the related patents for which it had filed declaratory judgment complaints in 2005 and 2007. Id. at 1379 n.7. Accordingly, on September 19, 2008, ICOS filed a declaratory judgment complaint against Scanner alleging the invalidity and non-infringement of the eight Scanner patents that it had named in its earlier complaints. The parties refer to these patents as the '678 Patent, the '411 Patent, the '006 Patent, the '007 Patent, the '365 Patent, the '898 Patent, the '668 Patent, and the '796 Patent. On the same day, Nvidia filed a declaratory judgment complaint against Scanner alleging the invalidity and non-infringement of the '678 Patent and the '411 Patent. I refer to these eight contested patents as the "2008 Patents."

The parties engaged in settlement discussions. On March 11, 2009, Scanner provided ICOS with a covenant not to sue (a "CNS") on all of the 2008 Patents, and provided Nvidia with a CNS on the '678 Patent and the '411 Patent (the only two of the 2008 Patents Nvidia contested).

C.  **The 2009 Declaratory Judgment Complaints**

On March 24, 2009, ICOS and Nvidia amended their complaints to include an allegation as to the invalidity and non-infringement of an additional patent, the '974 Patent, which is related to the 2008 Patents. (ICOS Am. Compl. ¶ 15 (09 Civ. 6920) ("The '974 patent issued from an application that was a continuation-in-part from an application that was a continuation application that issued as the '365 patent, which itself issued from an application that was a continuation-in-part from the application that issued as the '898 patent."); Nvidia Am. Compl. ¶ 15 (09 Civ. 7014); Cooper Decl. Exs. 3-4, 9-10).

On August 5, 2009, and August 7, 2009, ICOS and Nvidia filed declaratory judgment complaints as to another Scanner patent, the '798 Patent, which is also related to the 2008 Patents. (ICOS Am. Compl. ¶ 14 (09 Civ. 6920); Nvidia Am. Compl. ¶ 14 (09 Civ. 7014); Cooper Decl. Exs. 3-4, 9-10).

In the interests of clarity and efficiency, ICOS and Nvidia voluntarily withdrew their allegations as to the '974 Patent in the 2008 litigation and amended their complaints in the 2009 litigation to include the '974 Patent.

Despite plaintiff's requests, Scanner has not issued CNSs on the '974 Patent or the '798 Patent. (ICOS Am. Compl. ¶ 16 (09 Civ. 6920); Nvidia Am. Compl. ¶ 17 (09 Civ. 7014); Cooper Decl. Ex. 21).

D. **ICOS's Product Developments**

Throughout the course of this litigation, ICOS has continued to develop and manufacture new products and updates of previous designs that it believes expose it to further infringement litigation by Scanner. (McAndrews Decl. ¶¶ 4, 26; ICOS Opp. Mem. at 15 (08 Civ. 8142)).

## DISCUSSION

The above filings have produced four related actions before this Court: 08 Civ. 8142 and 08 Civ. 8102, wherein ICOS and Nvidia seek declaratory judgment on the 2008 Patents, and 09 Civ. 6920 and 09 Civ. 7014, wherein ICOS and Nvidia seek declaratory judgment on the '974 and '798 Patents. Currently before this Court are Scanner's motions to dismiss all four of these complaints for lack of subject matter jurisdiction. For the reasons set forth below, I hold that this Court has declaratory judgment jurisdiction over all of plaintiffs' invalidity and non-infringement claims, and thus Scanner's motions to dismiss are denied.

A. **Motion to Dismiss Standard**

The Court's first inquiry must be whether it has the constitutional or statutory authority to adjudicate a case. If there is no subject matter jurisdiction, the Court lacks power to consider the action further. See Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008).

In considering a Rule 12(b)(1) motion to dismiss, a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings, such as affidavits. See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Filetech S.A. v. Fr. Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998). As the party "seeking to invoke the subject matter jurisdiction of the district court," Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996), the plaintiff bears the burden of demonstrating that there is subject matter jurisdiction in the case, Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

## B. Declaratory Judgment Jurisdiction Standard

Declaratory relief is "intended to . . . settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." Nat'l Union Fire Ins. Co. of Pittsburgh v. Int'l Wire Group, Inc., No. 02 Civ. 10338, 2003 U.S. Dist. LEXIS 9193, at *4 (S.D.N.Y. June 2, 2003) (citations and internal quotation marks omitted). There must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 261 F. Supp. 2d 293, 295 (S.D.N.Y. 2003) (citations and internal quotation marks omitted).

"Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment

of non-infringement and/or invalidity is governed by Federal Circuit law." Ass'n for Molecular Pathology v. USPTO, 669 F. Supp. 2d 365, 385 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). The Supreme Court, however, recently revised the Federal Circuit's "reasonable apprehension of suit" test for declaratory judgment jurisdiction, holding that the proper analysis is one that considers all of the circumstances. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127, 132 (2007). MedImmune and its progeny have effectively "lower[ed] the bar for a plaintiff to bring a declaratory judgment action in a patent dispute." Frederick Goldman, Inc. v. West, No. 06 Civ. 3413, 2007 U.S. Dist. LEXIS 50259, at *7 (S.D.N.Y. July 6, 2007); see Russian Standard Vodka (USA), Inc. v. Allied Domecq Spirits & Wine USA, Inc., 523 F. Supp. 2d 376, 382 (S.D.N.Y. 2007). Since MedImmune, the trend has been to "find an actual controversy, at least where the declaratory judgment plaintiff's product arguably practices a patent and the patentee has given some indication it will enforce its rights." Diamonds.net LLC v. IDEX Online, Ltd., 590 F. Supp. 2d 593, 598 (S.D.N.Y. 2008).

When considering whether declaratory judgment jurisdiction exists, courts have given weight to whether there has been prior litigation between the parties or brought by the defendant on related technology, whether the defendant has refused to sign a covenant not to sue or stay litigation, and whether the defendant has made a direct or implied threat to assert its rights against the declaratory judgment plaintiff.

See Hewlett-Packard Co. v. Acceleron LLC, 587 F.3d 1358, 1364 (Fed. Cir. 2009); Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1341-42 (Fed. Cir. 2008); see also Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1344 (Fed. Cir. 2007) ("[R]elated litigation involving the same technology and the same parties is relevant in determining whether a justiciable declaratory judgment controversy exists on other related patents." (citing Vanguard Research, Inc. v. PEAT, Inc., 304 F.3d 1249, 1255 (Fed Cir. 2002))); Kos Pharm., Inc. v. Barr Labs., Inc., 242 F. Supp. 2d 311, 314-15 (S.D.N.Y. 2003). All courts agree that the defendant must, at least, affirmatively engage in "conduct that can be reasonably inferred as demonstrating intent to enforce a patent." Hewlett-Packard Co., 587 F.3d at 1363.

## C. Declaratory Judgment Jurisdiction Over the '974 and '798 Patents

Plaintiffs present the following evidence in favor of declaratory judgment jurisdiction over the '974 and '798 Patents:

(1) Scanner's CEO, Paul Crawford, told an ICOS employee that he and Scanner believed that "ICOS practiced technologies that are covered by patents in Scanner's portfolio, including then as-yet un-issued patent applications." (McAndrews Decl. ¶ 17).

(2) At some point during settlement negotiations between ICOS and Scanner, Crawford agreed that "any license proffered to ICOS would be all-inclusive with respect to Scanner's current and future patents, including the patents to be issued from the continuation applications." (Id. ¶ 18). Despite this agreement, Scanner never issued a CNS that covered the continuation patents. When confronted regarding this discrepancy, Crawford "expressed regret at not abiding by [the] earlier agreement and stated that he had spoken to his litigation counsel who [advised] him that [the '974 and '798] patents [were] 'worth millions[, and]

. . . for that reason[,] Scanner could not and would not include the[] future patents in the covenant not to sue." (Id. ¶ 22).

(3) Scanner representatives told Nvidia Executive Vice President/General Counsel David M. Shannon that "they had continuation patents in place that would soon issue and that they were currently talking to contingency fee counsel to consider taking the case against a number of companies." (Shannon Decl. ¶ 7). Shannon testified that his understanding from the conversation "was that Scanner was threatening to sue NVIDIA and potentially others on continuation patents once they issued." (Id.).

(4) Even after the '974 continuation patent issued, Scanner specifically refused to provide plaintiffs with a CNS on the '974 Patent, or any other related continuation patent. (Cooper Decl. Ex. 21).

(5) The parties have been involved in a series of lawsuits regarding Scanner patents over the last ten years. (McAndrews Decl. ¶¶ 6-7, 9-10).

In response, Scanner argues that it never made a direct threat of litigation, and that it declined to include the '974 and '798 Patents in the CNSs because the parties did not reach agreement on an amount that would justify covenants on the pending patent applications. (See Crawford Decl. ¶ 3). Moreover, Scanner argues that plaintiffs' perception of Crawford's statements as threatening litigation is unreasonable.

Considering all the circumstances, I find that Scanner's conduct could reasonably be interpreted as "demonstrating an intent to enforce" the '974 and '798 Patents. Hewlett-Packard Co., 587 F.3d at 1363. The parties' substantial, and protracted, litigation history regarding related technology; Scanner's refusal to include the '974 and '798 Patents in the CNSs due to their value; and Scanner's comments regarding an intent to litigate the continuation patents objectively

demonstrate an intent to contest plaintiffs' rights. Accordingly, Scanner's motions to dismiss plaintiffs' amended complaints in 09 Civ. 6920 and 09 Civ. 7014 are denied.

### D. Declaratory Judgment Jurisdiction Over the 2008 Patents

Plaintiffs argue that this Court retains jurisdiction over the 2008 Patents, despite the CNSs, because (1) the CNSs are not sufficiently broad to exempt plaintiffs from potential litigation on future uses of technology relating to the 2008 Patents and (2) the 2008 Patents are related to the '974 and '798 Patents, over which this Court has jurisdiction. For the reasons set forth below, I find that both these arguments support declaratory judgment jurisdiction over the 2008 Patents, and thus Scanner's motions to dismiss are denied.

#### 1. Scope of the CNSs

##### I. Applicable Law

"Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 556 F.3d 1294, 1297 (Fed. Cir. 2009). Courts look to the precise language of the covenant or agreement in determining its scope and whether declaratory judgment jurisdiction is appropriate. See, e.g., id. at 1296, 1300. Where a covenant not to sue does not "extend to future sales of the same product as was previously sold," such an agreement will not divest the trial court of declaratory judgment jurisdiction. Id. at 1298, 1300. Moreover,

a court is not divested of jurisdiction where the declaratory judgment plaintiff has taken "meaningful preparatory steps" toward developing new or updated technology not covered by the CNS. <u>Diamonds.net LLC v. Idex Online, Ltd.</u>, 590 F. Supp. 2d 593, 600 (S.D.N.Y. 2008) (finding a covenant that covered the product "'as it currently exists <u>as of the date of this covenant</u>, or previously existed'" insufficient to divest court of declaratory judgment jurisdiction).

### ii. Application

Both CNSs at issue provide that Scanner will not sue ICOS or Nvidia for infringement of the 2008 Patents "based upon the methods or products previously or currently made, used, offered for sale, or sold in the United States or imported into the United States . . . prior to the date of this covenant." (Cooper Decl. Exs. 1-2). For the following reasons, this language is not sufficiently broad to remove the controversy between the parties and thus does not divest this Court of declaratory judgment jurisdiction.

First, the CNSs do not explicitly cover future sales of products that existed at the time of the covenants. Although Scanner's attorneys have provided declarations stating that "the products or processes that existed at the time of . . . the covenants not to sue are immune from suit by Scanner, both now and in the future" (Niederluecke Decl. ¶ 5; <u>see id.</u> Ex. F & Meyer Decl. ¶ 2), Scanner has refused to amend the covenants to include this language. This fact, combined with Scanner's documented

history of aggressively pursuing these and related patents, supports a finding of declaratory judgment jurisdiction. See SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1376, 1382-83 (Fed. Cir. 2007) (holding that the patentee's statement that it "'has absolutely no plan whatsoever to sue [the declaratory judgment plaintiff]'" fails to "eliminate[] the justiciable controversy created by [the patentee's] actions" -- specifically its "preparedness and willingness to enforce its patent rights" despite such a statement).

Further, as is uncontested by Scanner, the CNSs do not cover future products. ICOS has released software upgrades that are not clearly covered by its CNS and is preparing to release a new BGA inspection product that is undoubtedly not covered by its CNS. (McAndrews Decl. ¶¶ 4, 26). These activities constitute "'meaningful preparation to conduct potentially infringing activity'" and, thus, provide further grounds for declaratory judgment jurisdiction. Diamonds.net LLC, 590 F. Supp. 2d at 599 (quoting Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 880 (Fed. Cir. 2008)).

2. **Related Patents**

Plaintiffs allege, and defendants do not dispute, that the '974 and '798 Patents fall in the same family as the 2008 Patents and involve the same underlying technology. (ICOS Am. Compl. ¶¶ 13-16 (09 Civ. 6920); Nvidia Am. Compl. ¶ 14 (09 Civ. 7014); Cooper Decl. Exs. 3-4, 9-10). I found as much in my Final Judgment disposing of the 2000 litigation. The relatedness of

the 2008 Patents to the '974 and '798 Patents -- which I have already determined are subject to this Court's jurisdiction -- provides additional grounds for this Court to retain declaratory judgment jurisdiction over the 2008 Patents notwithstanding the CNSs. See Harris Corp. v. Fed. Express Corp., 670 F. Supp. 2d 1306, 1315 (M.D. Fla. 2009) (recognizing that "under MedImmune's holistic approach [to declaratory judgment jurisdiction], the relation between the Unasserted Patents and the patents-in-suit is an additional factor that weighs in favor of retaining jurisdiction over [defendant's declaratory judgment] counterclaims"); Tesco Corp. v. Weatherford Int'l, Inc., No. 08 Civ. 2531 (KPE), 2009 WL 497134, at *5 (S.D. Tex. Feb. 26, 2009) (finding declaratory judgment jurisdiction over a patent subject to a promise not to sue because a related patent remained in suit); Dow Jones & Co. v. Ablaise Ltd., 583 F. Supp. 2d 41, 44 (D.D.C. 2008).

   Accordingly, considering the scope of the CNSs, the relatedness of the patents, the prior litigation between the parties, and Scanner's refusal to amend the agreement to make clear that plaintiffs are immune from liability on the 2008 Patents, I conclude that a substantial controversy between the parties exists over which this Court has declaratory judgment jurisdiction. Scanner's motions to dismiss plaintiffs' amended complaints in 08 Civ. 8142 and 08 Civ. 8102 are denied.

## CONCLUSION

For the foregoing reasons, Scanner's motions to dismiss the amended complaints in 08 Civ. 8142, 08 Civ. 8102, 09 Civ. 6920, and 09 Civ. 7014, are denied. Moreover, Scanner's request that the Court impose sanctions is also denied. The parties shall appear for a pre-trial conference on April 30, 2010, at 11:00 a.m.

SO ORDERED.

Dated:   New York, New York
         March 29, 2010

                                    _____
                                    DENNY CHIN
                                    United States District Judge

**APPEARANCES:**

For Plaintiffs:

>ORRICK, HERRINGTON & SUTCLIFFE LLP
>    By:  I. Neel Chatterjee, Esq.
>         Monte M.F. Cooper, Esq.
>1000 Marsh Road
>Menlo Park, CA  94025
>
>       - and -
>
>    By:  Paul R. Gupta, Esq.
>         Clifford R. Michel, Esq.
>666 Fifth Ave.
>New York, NY  10103

For Defendant:

>HODGSON RUSS LLP
>    By:  Jacqueline I. Meyer, Esq.
>1540 Broadway
>New York, NY  10036
>
>       - and -
>
>FREDRIKSON & BYRON, P.A.
>    By:  Kurt J. Niederluecke, Esq.
>200 South Sixth Street, Suite 4000
>Minneapolis, MN  55402
>
>       - and -
>
>THE MARBURY LAW GROUP, PLLC
>    By:  John F. Mardula, Esq.
>         Shauna M. Wertheim, Esq.
>11180 Sunrise Valley Drive, Suite 1000
>Reston, VA  20191